IN THE UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS
WESTERN DIVISON

FILED
OCT 26 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Cynthia Gonzales
**Plaintiff**

Vs

Rock River Academy,
Streamwood Behavioral Health;
(PSI) Psychiatric Solutions, INC
Ann Johnson in her Professional Capacity
**Defendant**

NO: 10 C 50281
Judge Kapala

## NATURE OF THECASE

NOW COME the Plaintiff, CYNTHIA GONZALES for-self (pro se) self- representation in a 3 count Civil Rights employment and Race discrimination (wrongful termination) complaint. Plaintiff brings these actions as noted in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. §2000 et sq. In addition, Civil Rights Act of 1866, 42 U.S.C. Section 1981 ("Section 1981") retaliation; the Civil Rights Act of 1964, 42 U.S.C. Section 200e et sq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et sq. ("ADEA"), that was changed as a matter of law to rectify employment practices of defendants in violation of these statues. Plaintiff alleges and states as follows:

## PARTIES

1. Plaintiff, CYNTHIA GONZALES, was an adult resident of Illinois, residing in Rockford, Illinois, and was employed by and during the times herein by the defendant, Rock River Academy, in Rockford, Illinois.

2. Defendant(s) ROCK RIVER ACADEMY is a (for profit) therapeutic behavioral day school that provides educational and behavioral treatment for severe behavior disorder students. Rock River Academy is a subsidiary of Streamwood Behavioral Health and PSI. In addition, a residential program is included and located on campus. The residential facility is home for females ages 10-21 with IQ's 65 and above who are challenged with a variety of mental health needs. The faculty and residents are authorized and properly operating in its principal location in Rockford, Illinois Winnebago County.

3. Defendant, Rock River Academy behavioral day school, is headed by a school principal ANN JOHNSON. She is responsible for daily administration. She is a black female (non White) of African decent.

4. Plaintiff had been employed by the defendant in Rockford, Illinois, for approximately six months prior to her release on or about March 15, 2010, and was employed as defined by the federal law known as the Civil Right Act on 1991, U.S.C. sect. 2000.

5. There was, in effect, at all material times herein, federal statutes known as the Civil Right Act of 1991, 42 U.C.S. sect 2000, which in part prohibited employment discrimination based on race. Furthermore, sect. 1981stutute prohibited retaliation against employees by employers.

6. Jurisdiction is established pursuant to Title 28 U.S.C. sect.1343.

7. Defendant, Rock River Academy, was a covered "employer" as defined by the Civil Rights Act of 1991. The Civil Right Act of 1991 prohibits a covered employer, such as respondent, from discriminating against an employee based on the employee's race, or natural origin. Moreover, from retaliating against employees for exercising of any rights granted under the act,

and makes it unlawful for any employer to discharge, fail to call employee after layoff, or in any other manner.

8. Plaintiff was employed by the Defendant in the position as a full time Illinois Certified teacher at the time of her termination. Moreover, plaintiff worked several more hours' overtime in Rock River's Residential center on the school's campus after school and on some weekends.

9. During her tenure at Defendant's school (Rock River Academy) on March 11, 2010, Plaintiff, a White female, was given a plan to follow to make self-improvements from the school's Principal Ann Johnson. The improvements consisted of improving her students' behaviors in the classroom and improving her classroom teaching skills. However, three days later, the plaintiff was terminated and was not given sufficient time to correct any mistakes or make any improvements. In contrast, several African American employees who were accused of making mistakes and were not terminated.

10. The plaintiff was terminated on March 15, 2010 for the stated intention of misconduct.

11. The Plaintiff (White) filed a written complaint with Rock River Academy's Human Resource department contesting the allegation of misconduct. Also, plaintiff contested her wrongful termination. Plaintiff made an attempt to resolve being treated differently than black employees who, in fact, did commit misconduct and were not terminated.

12. Seven (7) (African American) employees having the same job classification as plaintiff or similar jobs as Plaintiff were charged with wrongdoing but were not terminated. In fact, they were slightly disciplined and their salary continued as they were suspended and some were paid after they returned to work. In addition, after each African American employee was charged with misconduct their position was upheld. In fact, each African American employee who was charged with misconduct still works for Rock River Academy. The names of these African American employees are Chasity Hoard, James Brooks, Maurice Forman, Jermaine Robinson, Nate English, Tasha Miller and Earl Smith. Moreover, 0-5 (John Doe) employees who names are unknown, and are African American employees who committed misconduct and not disciplined as harshly as plaintiff will be added to this complaint and named at a later date.

13. Another incident took place on about January 2010 through March 2010 that further describes how White and Black employees were disciplined differently because of their race by the Principal. The Principal Ann Johnson used race as a deciding factor to discipline Black and White employee differently. For example, Chasity Hoard was an African American female school teacher and Nate English was an African American teacher assistant. They were slightly disciplined and not terminated after they left a female student with a severe disability in the classroom alone sleeping without anyone supervising her for over one hour as they took their students to dinner. The incident was against the school's policy. The student informed Ann Johnson that she was left in the classroom alone sleep. Ann Johnson notified the human resource department immediately. In comparison, school teacher Cynthia Gonzales (Caucasian) was charged with alleged misconduct and was terminated at once and denied due process by Rock River Academy.

**PROCEDURAL REQUIREMENTS**

14. Plaintiff failed written charges of Race discrimination against the Defendant with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (EEOC) on 10/15/ 2010. Charges are attached hereto and incorporated herein by reference as Exhibit "A".

15. On August 30, 2010, the EEOC issued a 90-day Notice of Right to Sue Plaintiff. A true and accurate copy is attached hereto as Exhibit "B". Plaintiff has complied with all prerequisites for bringing this action.

16. Plaintiff has suffered damages as a direct and consequential result of Defendant's discrimination and retaliation by failing to recall her to work, including loss of wages and employee benefits, anxiety, depression and emotional distress. WHEREFORE, Plaintiff prays for judgment against all defendants for equitable relief, back pay, reinstatement, front pay, compensatory, punitive damages, benefits, interest, court cost, attorney' fees, and seeks relief that exceed ten Million Dollars ($10,000,000).

**COUNT I**

17. Plaintiff, Cynthia Gonzales, brings this action before the Courts for violation of Section 1981 of the 1871 Civil Rights Act, 42 U.S.C. sect. 1981, against the Defendant, Rock River Academy for retaliation. Plaintiff repeats and re-alleges the allegations of paragraphs 1-16. Plaintiff alleges and states the following: This section is brought pursuant to Title 42 United States Code, Section 1981. Jurisdiction is proper pursuant to Title 28 U.S.C. sec. 1343. The plaintiff enforces her right to terms and conditions of employment and for the equal enjoyment of all, privileges, terms and conditions of a contractual relationship as is enjoyed by all American citizens. The Defendant's termination of the Plaintiff on March 15, 2010 was based on plaintiff's race Caucasian and retaliation for reporting being physically assaulted, in direction violation of Title 42 U.S.C. sec. 1981. Defendant told Plaintiff that she had a disability. Furthermore, Plaintiff was told that she could not perform her job due to having (ADD) Attention Deficit Disorder. Plaintiff denied having ADD. Defendant also used Plaintiff's age and Race as a factor to terminate Plaintiff.

18. In the course of her employment, Plaintiff performed her duties loyally and capably.

**STATEMENT FACTS**

19. Plaintiff was subjected to unequal terms and conditions of employment. Most recently while teaching 6th-8th grade students, plaintiff was terminated on or about March 15, 2010 after reporting being physically assaulted by students to the Principal Ann Johnson. Days later, School Principal Ann Johnson charge plaintiff with misconduct and terminated her for allegedly allowing one of her students to walk out of the school's cafeteria without supervision. Plaintiff unequivocally denied the Defendant's allegation(s) and contested Ann Johnson's charge of misconduct. Ann Johnson continued to harass plaintiff willfully and with wanton intent by not providing plaintiff with a teacher's assistant during class. As a direct result, plaintiff taught her classroom without classroom assistance on many occasions. As a result, putting plaintiff and students in a serious hostile and dangerous environment due to the students' violent tendencies brought on by their mental illness. In fact, Principal Ann Johnson encouraged students to become

more threatening and physically violent toward plaintiff. Students were rewarded with fast foods, snacks, incentives, and some students were given preferential treatment for physically assaulting the plaintiff, such taken on shopping trips to the mall and given personal special gifts from the principal Ann Johnson.

On March 10, 2010 during an employee morning meeting, several employees questioned the principal Ann Johnson. Ann Johnson was asked by another Rock River teacher name Ms. M why the Plaintiff (Ms. Cynthia Gonzales) students' were not receiving any consequences for their negative behavior. Several employees wanted to help improve the students' behavior in the plaintiff classroom. Ann Johnson told the employees to be quiet and mind their own business so the assaults and discrimination could continue against plaintiff.

20. On or about the month of February 2010 through March 15, 2010, plaintiff was physically assaulted by several students; plaintiff was hit, pushed, and water threw in her face by students.

21. The first assault against the plaintiff was carried out by a student, who physically assaulted the plaintiff by walking behind plaintiff and suddenly pulled her hair with enormous force causing severe pain to plaintiff. The second assault to plaintiff was carried out by another student. He threw playing cards in the plaintiff's face in the classroom causing more pain and discomfort to plaintiff. The third assault against the plaintiff was carried by another student, who intentionally threw a basketball with immense force and hit plaintiff in the head when the plaintiff was not looking, causing severe pain and discomfort to plaintiff. On another occasion, a student pushed plaintiff several times as she was entering the classroom. Another student, threatened to punch plaintiff in the face, but finally was escorted out of the classroom. After each assault, plaintiff filled out a school required (UIR) unusual incident report and turned it into the school's management. However, Ann Jonson refused to take corrective actions to stop the violence against the plaintiff.

22. Plaintiff appealed to School Principal Ann Johnson again to help stop the violent assaults from students against the plaintiff. Then, plaintiff made a disparate plea to Ann Johnson and also requested that a classroom assistant be assigned to the plaintiff's classroom to improve classroom safety and supervision. Ann Johnson refused. Ann Johnson made no attempt to accommodate plaintiff's plaintiff's requests in spite of the unsafe working condition and ongoing

assaults from students. Ann Johnson then called each student to her office one by one. Minutes later, each student returned to the classroom eating treats, McDonalds, Popeye's chicken and chocolate suckers. Ann Johnson reinforced and rewarded each student's behavior with the food each time they assaulted toward plaintiff.

**COUNT II**

23. Plaintiff brings this court a violation of Title 42 U.S.C. sec1983 against the Defendant, ROCK RIVER ACADEMY et al., and states and alleges as follows:
24. Plaintiff repeats and re-alleges the allegations of count 1 - 2 of these counts as if fully set forth herein.
25. This is a civil action brought to prevent deprivation under color of state law of certain rights, privileges, and immunities secured to plaintiff by the constitution of the United States, for money damages to rectify the injury caused to plaintiff by the unconstitutional acts of Defendant(s).
26. This action is brought pursuant to Title 42 U.S.C sect.1983. This court is a court of general jurisdiction, thus. It has jurisdiction to hear this action.
27. Plaintiff Cynthia Gonzales had been employed by the defendant, ROCK RIVER ACADEMY, since October 12, 2009 as a full time employee. At the time of her wrongful termination on March 15, 2010, she was employed as a full-time school teacher; she worked on the suites on the weekends, nights, and, some holidays.
28. Throughout her employment, the plaintiff performed her duties loyally and capably.
29. As set forth in Rock River Academy's Employee handbook and personnel manual and on the custom and practice of Rock River Academy, employees were provided procedural and substantive due process rights and equal protection prior to their termination.
30. The Defendant, acting under the color of law on March 15, 2010, wrongfully terminated the plaintiff. The termination of the Plaintiff by the defendant was done without any advance notice (written or oral) to the plaintiff, without legitimate reasons give to the plaintiff and without the plaintiff having an opportunity to respond to the allegations and alleged reasons for her termination, in direct violation her procedural due process right

under the Fourth and Fourteenth Amendments. This action is therefore, brought against the Defendant in its official capacity.

31. The Defendant terminated the plaintiff for alleged misconduct. The Defendant failed to terminate several Black employees who committed misconduct. The defendant, acting under the color of law, violated the plaintiff's equal protection rights guaranteed by the Fourteenth Amendment by terminating her and not the Black employees.

32. The Defendant had no legitimate reason for terminating the plaintiff on March 15, 2010, without substantive and procedural due process and in violation of her equal protection rights. The Defendant's decision to terminate the Plaintiff without due process and treat Plaintiff equally as other Black employees was arbitrary and capricious.

33. As a direct and proximate result of the Defendant's actions in depriving the Plaintiff of her procedural due process rights guaranteed to her under the Constitution prior to her termination; Plaintiff suffered lost wages, benefits, overtime, fear, anxiety, depression, humiliation, embarrassment, emotional distress, and will continue to suffer.

34. WHEREFORE, the plaintiff demands judgment against the Defendant as follows:

A. Award the Plaintiff actual damages of lost wages and benefits.

B. Award the Plaintiff compensatory damages in excess of $50,000.00 for emotional distress.

C. Award the Plaintiff her attorney fees and reasonable cost and expenses of this action.

D. Grant Plaintiff such other and further relief as may be just.

## COUNT III

## BREACH OF CONTRACT

35. Plaintiff repeats and re-alleges the allegations of counts 1 through 3 of this complaint as if fully set forth herein.
36. This Count is a breach of contract claim based on state law and this Court has jurisdiction to hear this Count pursuant to its pendent jurisdiction. 28 U.S.C. sect.1367 (a).
37. When the Defendant employed the Plaintiff, there was in place a written Human Resources Policy Manual that contained a disciplinary procedure for all employees. The policy manual contained a disciplinary procedure for all employees. The policy manual created a contract of employment for all employees of Rock River Academy, including the Plaintiff. The relevant portion of said policy is attached as Exhibit C and is incorporated herein.
38. The Plaintiff agreed to the terms and conditions of the contract by continuing to work for Rock River Academy.
39. Defendant breached the employment contract with the Plaintiff when it terminated Plaintiff March 15, 2010.
40. The Plaintiff suffered damages as a result of Defendant's breach of the employment contract. The damages included lost wages, lost benefits, and loss of seniority.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for damages of less than $100,000.00.

## PLAINTIFF DEMANDS TRIAL BY JURY

PLAINTIFF: CYNTHIA GONZALES

Pro Se (self-representation)

xx Cynthia Gonzales

3388 Mill Rd.
Cherry Valley IL. 61016
Home Telephone Number
(815)-543-9957

State of Illinois

County of Winnebago

On this 26 day of October, 20 10, I certify that the preceding/attached document is a true, exact, complete and unaltered photocopy made by Cynthia Gonzales of Race discrimation.

"OFFICIAL SEAL"
Nancy L. Belt
Notary Public, State of Illinois
My Commission Expires Dec. 8, 2013

(Seal)

Nancy L. Belt
Notary Public

My commission expires Dec 8, 2013

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

# 10M0513.01

AGENCY: ☒ IDHR ☐ EEOC

CHARGE NUMBER: 2011CA0766

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Ms. Cynthia Gonzales | | ( 815 ) 543-9957 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3388 Mill Road | Cherry Valley, Illinois 61016 | 4 / 5 / 57 (M D YEAR) |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Streamwood Behavioral Health Services | 15+ | (815) 877-3440 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3445 Elmwood Road | Rockford, Illinois 61101 | Winnebago |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Race Age Retaliation | / 3/15/10 CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS
DISCHARGE – MARCH 15, 2010, BECAUSE OF MY RACE, WHITE

B. PRIMA FACIE ALLEGATIONS

1. My race is white.

2. My job performance as special education teacher met Respondent's expectations. I was hired on October 12, 2009.



I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARIZE

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 30 DAY OF September, 2010

Nancy L. Belt
NOTARY SIGNATURE

"OFFICIAL SEAL"
Nancy L. Belt
Notary Public, State of Illinois
My Commission Expires Dec. 8, 2013

NOTARY STAMP

x Cynthia Gonzales 9/30/2010
SIGNATURE OF COMPLAINANT DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 2/09-INT)

"return this copy"

EEOC Form 161 (11/09) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Cynthia Gonzales**
**3388 Mill Road**
**Cherry Valley, IL 61016**

**CERTIFIED MAIL 7010 1670 0001 3287 4605**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2010-03151** | **Kenya McCarter, Investigator** | **(312) 353-8561** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe

**John P. Rowe,**
**District Director**

8/30/10
*(Date Mailed)*

Enclosures(s)

cc: **ROCK RIVER ACADEMY**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC 440-2010-03151

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Cynthia Gonzales** | **(815) 543-9957** | **04-05-1957** |

Street Address City, State and ZIP Code

**3388 Mill Road, Cherry Valley, IL 61016**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ROCK RIVER ACADEMY** | **500 or More** | **(815) 877-3440** |

Street Address City, State and ZIP Code

**3445 Elmwood Road, Rockford, IL 61101**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest Latest

**03-15-2010**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above Respondent on or around October 12, 2009. My most recent job title was Teacher. During my employment, I complained of discrimination; subsequently I was discharged.

I believe I have been discriminated against because of my age, (DOB: April 5,1957), in violation of the Age Discrimination in Employment Act of 1967 as amended. I also believe I have been discriminated against because of my race, White, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC

AUG 1 2 2010

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 8/8/10 X Cynthia Gonzales

Date Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*